NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3377

MARLENE F. ANDERSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: January 19, 2005

_____

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Marlene F. Anderson seeks review of the final decision of the Merit Systems Protection Board sustaining the denial by the Office of Personnel Management ("OPM") of her application for voluntary disability retirement benefits.  Anderson v. Office of Pers. Mgmt., No. DA831E030145-I-1 (M.S.P.B. June 9, 2004).  We affirm.

## BACKGROUND

Anderson was removed from her position at the Defense Logistics Agency, based on charges of behavioral misconduct.  Afterwards, claiming affliction with numerous ailments, Anderson filed an application for disability retirement benefits under

the Civil Service Retirement System. OPM denied her application upon finding, inter alia, that her medical conditions were well-controlled, and that there was no indication prior to her removal that she was disabled or otherwise unable to perform her job. On reconsideration, OPM sustained its denial of her application.

Anderson thereafter appealed to the Board, where an Administrative Judge ("AJ") disagreed with OPM's findings and reversed its reconsideration decision. OPM sought review by the full Board, which reversed the AJ's initial decision. In sustaining OPM's denial of her application, the Board found that Anderson failed to meet her burden of persuasion as a result of prosecuting her claim almost entirely by describing her ailments and presenting conclusory opinions from her doctors, rather than specifying how her medical conditions impaired her ability to perform her duties.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

Our review of OPM's denial of disability benefits is limited to determining whether there was "'a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 625 (Fed. Cir. 1995) (quoting Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985)).

On appeal, Anderson's challenges to the Board's decision do not go beyond an invitation to review its factual underpinnings, e.g., her treatment for Hepatitis C. Because "[t]his court is without authority to review the substantive merits of disability determinations, or [its] factual underpinnings," Bruner v. Office of Pers. Mgmt., 996 F.2d 290, 291 (Fed. Cir. 1993), the Board's decision must be affirmed.