NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3189

KENT D. KLUGE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Kent D. Kluge, of Canyon Lake, Texas, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3189

KENT D. KLUGE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Appeal from Merit Systems Protection Board in DA-844E-07-0325-I-1.

_____

DECIDED: September 18, 2008

_____

Before RADER and DYK, <u>Circuit Judges</u>, and WALKER[*], <u>Chief District Judge</u>.

PER CURIAM.

Petitioner Kent D. Kluge ("Kluge") appeals from a final decision of the Merit Systems Protection Board ("Board"). The Board affirmed a decision of the Office of Personnel Management ("OPM") denying petitioner's application for disability retirement benefits under the Federal Employees Retirement System ("FERS"). Because we are barred from reviewing the Board's factual findings on disability, we <u>affirm</u>.

## BACKGROUND

Kluge was a grade PS-5 City Carrier for the United States Postal Service in Houston, Texas. Kluge applied to OPM for disability retirement on July 27, 2006. In his

_____

[*] Honorable Vaughn R. Walker, Chief Judge, United States District Court for the Northern District of California, sitting by designation.

application, Kluge stated that he had become disabled due to heart problems, bleeding ulcers, emphysema, Reiter's syndrome (arthritis, conjunctivitis, and urethritis), migraines, stomach and colon problems, uncontrollable diarrhea, depression, bipolar disorder, panic attacks, and psychiatric problems. Apparently while Kluge's disability retirement application was pending, the Social Security Administration ("SSA") found that he had become disabled under its rules as of September 1, 2006.

OPM disallowed Kluge's disability retirement application on October 24, 2006. After reconsideration at Kluge's request, OPM affirmed the disallowance on March 14, 2007. Kluge then appealed to the Board and did not request a hearing. The Administrative Judge ("AJ") affirmed OPM's reconsideration decision on August 7, 2007, finding that the medical evidence provided by Kluge did not demonstrate that he was entitled to receive FERS disability retirement benefits. Kluge v. Office of Pers. Mgmt., No. DA-844E070325-I-1 (M.S.P.B. Aug. 7, 2007) ("Initial Decision"), at 13.

Kluge petitioned the full Board for review of the AJ's decision, arguing, inter alia, that the AJ had erred in not considering the SSA's determination that Kluge was disabled. On September 24, 2007, the full Board ordered Kluge to file several documents related to his SSA disability benefits. On January 31, 2008, the full Board denied Kluge's petition for review, making the initial decision of the AJ final. Kluge v. Office of Pers. Mgmt., No. DA-844E070325-I-1 (M.S.P.B. Jan. 31, 2008) ("Final Order"). The full Board noted in a footnote that, although it was unclear whether the AJ had considered Kluge's SSA benefit evidence, the full Board had considered it on review. Board member Sapin dissented, stating that Kluge's medical, subjective, and SSA evidence established his entitlement to disability retirement benefits.

Kluge timely appealed to our court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In FERS disability retirement benefits cases, the scope of our judicial review is limited by 5 U.S.C. § 8347. We cannot review "the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' " Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 628 (Fed. Cir. 1995) (quoting Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985) (citation omitted)).

An applicant for FERS disability retirement must establish by a preponderance of the evidence that: (1) the applicant completed at least 18 months of creditable civilian service; (2) while employed in a FERS position, the applicant became disabled because of a medical condition, resulting in deficient performance, conduct, or attendance, or if there is no such deficiency, the condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least one year from the date of the application for disability retirement; (4) accommodation of the disabling medical condition in the position held is unreasonable; and (5) the applicant has not declined an offer of reassignment to a vacant position. See 5 C.F.R. § 1201.56(a)(2); 5 C.F.R. § 844.103(a). Evidence usually must describe how a medical condition affects an applicant's ability to perform specific job requirements, unless "the position description and the medical evidence unambiguously and without contradiction indicate that the appellant cannot perform the

duties of the position." <u>Anderson</u> v. <u>Office of Pers. Mgmt.</u>, 96 M.S.P.R. 299, ¶ 17 (M.S.P.B. 2004), aff'd, 120 F. App'x 320 (Fed. Cir. 2005); <u>see also</u> <u>Mullins-Howard</u> v. <u>Office of Pers. Mgmt.</u>, 71 M.S.P.R. 619, 627 (M.S.P.B. 1996).

Kluge asserts that the Board reached an incorrect result and accorded his evidence insufficient weight. "[W]e may only address the critical legal errors, if any, committed by the MSPB in reviewing OPM's decision." <u>Vanieken-Ryals</u> v. <u>Office of Pers. Mgmt.</u>, 508 F.3d 1034, 1038 (Fed. Cir. 2007). Kluge "does not assert that the Board's disability findings implicated any procedural, legal, or other fundamental error." <u>Anthony</u> at 626. We do not have authority to review the Board's factual findings. Accordingly, the decision of the Board is <u>affirmed</u>.

COSTS

No costs.