# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MADELAINE E. SATTLEFIELD,
        Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
            Agency.

DOCKET NUMBER
CH-844E-13-4542-I-1

DATE: October 7, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Madelaine E. Sattlefield, East Saint Louis, Illinois, pro se.

Matthew D. MacIsaac, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) final decision denying her application for disability retirement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant was a Federal Employees' Retirement System (FERS)-covered Mail Handler who worked for the Postal Service from September 9, 2000, until the agency removed her on June 10, 2011, for unacceptable attendance. Initial Appeal File (IAF), Tab 1 at 1, Tab 4 at 6, Tab 6 at 22, 54-56. On or about April 12, 2012, the appellant filed an application for disability retirement based on the following conditions: (1) a rotator cuff injury; (2) plantar fasciitis; (3) anxiety attacks; and (4) a punctured lung. IAF, Tab 6 at 20. OPM issued a final decision denying the application, and the appellant filed a Board appeal. IAF, Tab 1, Tab 6 at 6-9. The appellant initially requested a hearing, but later withdrew her request. IAF, Tab 1 at 1, Tab 10 at 1.

¶3    After receiving the parties' evidence and argument, the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 13, Initial Decision (ID) at 2, 7. She found that, although appellant has several medical conditions, the appellant failed to prove that any of these conditions are disabling. ID at 6.

¶4     The appellant has filed a petition for review, arguing that the administrative judge weighed the evidence incorrectly, that she received a scheduled award for her rotator cuff injury, and that she is currently complying with her prescribed medication and physical therapy regimens.  Petition for Review (PFR) File, Tab 1 at 4-5.  The appellant asserts that her attorney advised her to withdraw her hearing request.  *Id.* at 5.  She has filed various documents with her petition for review pertaining to her workers' compensation claim and current medical regimen.  PFR File, Tab 3.  OPM has not filed a response.

¶5     As an initial matter, we have not considered the evidence that the appellant filed for the first time on review related to her workers' compensation claim.  PFR File, Tab 3 at 2-11.  All of this evidence predates the initial decision and, in fact, predates the appellant's disability retirement application.   She has not explained why she was unable to submit this evidence for the record below despite her due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  The evidence of the appellant's current medical regimen, however, postdates the initial decision.  PFR File, Tab 3 at 12-13. We have considered that evidence to the extent that it bears on the issue of whether the appellant's claimed medical conditions were disabling during the relevant time periods, but we find that it is immaterial to the outcome of the appeal.  *See id*.

¶6     An employee bears the burden of proving by preponderant evidence her entitlement to disability retirement.  *Snow v. Office of Personnel Management*, 74 M.S.P.R. 269, 273 (1997); 5 C.F.R. § 1201.56(a)(2).  To qualify for disability retirement benefits under FERS, an individual must meet the following requirements:  (1) the individual must have completed 18 months of creditable civilian service; (2) the individual must, while employed in a position subject to FERS, have become disabled because of a medical condition resulting in a

deficiency in performance, conduct, or attendance or, if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the application for disability retirement is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) the individual must not have declined a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451; *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008); 5 C.F.R. § 844.103(a).

¶7        There is no dispute that the appellant has satisfied the service requirements for disability retirement under FERS and that she has not declined any reasonable offer of reassignment. Therefore, the only issues in this appeal relate to the appellant's medical conditions and their effects on her ability to perform in her former position, i.e., eligibility criteria (2), (3), and (4).

¶8        The record amply demonstrates that the appellant had an attendance deficiency. IAF, Tab 6 at 21-23, 55. Indeed, this was the reason for her removal. *Id*. at 22. However, we agree with the administrative judge that the evidence is insufficient to show that the appellant's rotator cuff injury caused her attendance deficiency. ID at 5. The appellant incurred this injury on August 27, 2009. IAF, Tab 4 at 7. She states that she underwent surgery for it in February 2010, and she was apparently on limited duty for a period of time as a consequence of this injury. *Id*. at 7-8; IAF, Tab 6 at 44, Tab 9 at 3, Tab 11 at 3. The appellant states that she continues to have severe problems with her shoulder, and an undated statement from a coworker similarly states that the appellant is in constant pain from this injury. IAF, Tab 4 at 20, Tab 11 at 3-5. However, the appellant has not explained why the agency returned her to full duty on May 24, 2010, if she had not recovered sufficiently from her compensable injury to resume the full duties of her Mail Handler position. IAF, Tab 6 at 44. The appellant's first-hand account of pain and inability to work due to her shoulder injury is certainly

probative of whether her condition is disabling. IAF, Tab 11 at 3-5; *see Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1040-44 (Fed. Cir. 2007). However, there is no actual medical evidence in the record of this condition or the surgery apart from an October 31, 2013 note from an office visit, stating that the appellant is still experiencing "pain/stiffness" from the injury and is taking an unspecified pain medication for it. IAF, Tab 9 at 3. Under the circumstances, we agree with the administrative judge that this evidence is insufficient to show that the appellant's rotator cuff injury remained disabling after the agency returned her to full duty in 2010.

¶9      There is slightly more medical evidence regarding the appellant's plantar fasciitis. The appellant submitted two notes from a podiatrist, dated April 28, 2011, and May 5, 2011, diagnosing her with plantar fasciitis.[2] IAF, Tab 6 at 30, 32. Such a condition would appear to be particularly problematic for a Mail Handler like the appellant, whose job involves prolonged standing and walking while handling heavy items. *Id*. at 43; IAF, Tab 11 at 3. Nevertheless, even if the appellant's plantar fasciitis contributed to her attendance deficiency, we find insufficient evidence to conclude that this condition was expected to continue for at least 1 year after her April 12, 2012 disability retirement application. The podiatrist fitted the appellant with orthotics, prescribed stretching exercises, and noted progress in the appellant's plantar fasciitis, with the goal of rendering the condition asymptomatic. IAF, Tab 6 at 31-32. There is no medical documentation of this condition after the appellant's removal, and, notably, there is no mention of plantar fasciitis in the October 31, 2013 comprehensive medical

---

[2] The podiatrist also diagnosed the appellant with unspecified fasciitis, a heal spur, stress fracture syndrome, and extensor tendonitis. IAF, Tab 6 at 30, 32. However, the appellant did not claim these conditions as disabling in her original disability retirement application or in her reconsideration request. The Board will not consider evidence relating to medical conditions that were never the subject of an application to OPM for disability retirement. *Dunn v. Office of Personnel Management*, 60 M.S.P.R. 426, 433 (1994).

assessment that the appellant obtained in support of her disability retirement claim. IAF, Tab 9 at 3.

¶10     As for the appellant's anxiety attacks, the record contains four notes from a psychiatrist, dated June 30, 2008, July 14, 2008, April 22, 2009, and July 14, 2010, all of which confirm that the appellant suffered from anxiety problems during that time. IAF, Tab 6 at 33-37. The psychiatrist diagnosed the appellant with panic disorder and a "likely" general anxiety disorder.[3] *Id*. He prescribed her Zoloft and Klonopin to manage her symptoms. *Id*. at 33. The psychiatrist's description of the appellant's anxiety attacks is consistent with the appellant's first-hand account and describes them as occurring about once a day—usually at night—and consisting of chest pain, shortness of breath, and intense anxiety and sweats, lasting about 10 to 15 minutes and interfering with her sleep.[4] IAF, Tab 6 at 33-34, 36, Tab 11 at 5. There is no indication, however, in either the psychiatrist's reports or in the appellant's subjective first-hand account of her condition that it interfered in any way with her working. Nor do we find any apparent connection between the appellant's ability to work and these discreet episodes that occur mostly at night. *See Anderson v. Office of Personnel Management*, 96 M.S.P.R. 299, ¶ 20 (2004) (anxiety is not a condition that is obviously incapacitating; the Board will require further information to connect an appellant's anxiety with her inability to perform her job duties), *aff'd*, 120 F. App'x 320 (Fed. Cir. 2005). Furthermore, the psychiatrist's notes indicate some improvement in the appellant's symptoms even with her partial compliance with the psychiatrist's treatment plan. IAF, Tab 6 at 34-35. There is no medical

---

[3] The psychiatrist also diagnosed the appellant with major depression, and the appellant gives a first-hand account of this condition. IAF, Tab 6 at 34-35, 37, Tab 11 at 4, 6. However, the appellant did not raise this as a disabling condition before OPM, and therefore we will not consider it. *See Dunn*, 60 M.S.P.R. at 433.

[4] The psychiatrist described these episodes as "panic attacks" rather than "anxiety attacks," but it is apparent that this is the condition to which the appellant is referring in her disability retirement application. IAF, Tab 6 at 20, 36.

evidence of this condition after July 14, 2010, and we find insufficient evidence to conclude that it could be expected to persist for 1 year or more after the June 12, 2012 disability retirement application date, especially if the appellant fully complied with her psychiatrist's instructions. *Cf. Smedley v. Office of Personnel Management*, 108 M.S.P.R. 31, ¶ 23 (2008) (voluntary refusal to accept facially-reasonable treatment will bar entitlement to disability retirement benefits). There is no mention of this condition in the October 31, 2013 medical evaluation. IAF, Tab 9 at 3.

¶11     We also find that the appellant's punctured lung was not the reason for her attendance deficiency because she incurred that injury on June 10, 2011—3 days after the agency issued its removal decision.[5]   IAF, Tab 6 at 22, 24-29. Furthermore, there is no evidence that the injury continued to be disabling until April 12, 2013—1 year past the date of the appellant's disability retirement application. In fact, this seems unlikely based on the June 20, 2011 hospital discharge summary, which is the most recent medical evidence of this condition and offers a favorable prognosis. *Id*. at 25.

¶12     In sum, we find that the sparse medical evidence and the appellant's first-hand account of her medical conditions are insufficient to support a finding that any of these four conditions, alone or together, disabled the appellant from performing in her Mail Handler position both during her employment and for 1 year after her disability retirement application. The evidence is variously insufficient to show a connection between these conditions and the appellant's

---

[5] There is no first-hand documentation of the appellant's removal in the record, e.g., the proposal letter, the decision letter, or the Postal Service Form 50. It is therefore unclear whether the appellant's June 10, 2011 injury occurred before her June 10, 2011 removal became effective. *See generally Honea v. Department of Homeland Security*, 118 M.S.P.R. 282, ¶¶ 9-10 & n.3 (2012) (separations generally occur at the end of the day (midnight) unless the agency indicates that the separation will be effective at an earlier time), *aff'd*, 524 F. App'x 623 (Fed. Cir. 2013). For purposes of this decision, we assume that this injury occurred prior to the appellant's separation. *See generally* 5 C.F.R. § 844.103(a)(2) (to be entitled to disability retirement, an individual's disability must have occurred while in service).

ability to work or that the conditions could be expected to persist for 1 year or more after she applied for disability retirement. We also note that, notwithstanding her supervisor's statement, the appellant's attendance deficiency appears to have begun well before the claimed onset of her disability in 2009. IAF, Tab 6 at 20-22. The appellant's individual retirement record shows that she incurred substantial amounts of leave without pay beginning in 2003. *Id.* at 55. This makes it all the more difficult to attribute the appellant's attendance deficiency from 2009 onward solely or even primarily to her claimed disabling conditions. For these reasons, contrary to the appellant's arguments on review, we agree with the administrative judge's assessment of the evidence. *See* PFR File, Tab 1 at 4; *see also* ID at 3-7.

¶13     Regarding the appellant's withdrawal of her hearing request, although the appellant may now regret that decision, she is ultimately responsible for the prosecution of her own appeal and cannot escape the consequences of her decision to rely on the advice of her attorney.[6] *See Fairchilde v. Department of the Interior*, 36 M.S.P.R. 586, 588 (1988). In any event, the appellant has not explained how a hearing in this appeal might have affected the outcome. Likewise, we find it immaterial that the appellant's shoulder injury was ruled compensable and that she is currently complying with her doctor's instructions. PFR File, Tab 1 at 5.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[6] The appellant has acted pro se throughout the course of her Board appeal. The nature and source of this legal advice is not clear.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                      _____
                                                    William D. Spencer
                                                    Clerk of the Board

Washington, D.C.