**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID A. COOK,
                    Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
AT-844E-19-0183-I-1

DATE:  May 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin A. Graham, Esquire, Liberty, Missouri, for the appellant.

Albert Pete Alston, Jr., Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied his application for disability retirement under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant failed to show that his medical conditions caused a deficiency in his attendance or conduct, we AFFIRM the initial decision.

On petition for review, the appellant contends that the administrative judge failed to consider treatment notes, which, he asserts, show that his psychological conditions contributed to his documented performance deficiencies. Petition for Review (PFR) File, Tab 1 at 13; Initial Appeal File (IAF), Tab 6 at 86-92, 132-34. He further contends that the administrative judge failed to give appropriate weight to the impact that his physical conditions, such as his neck and back issues, had on his job performance, and he avers that these conditions caused him to miss work frequently. PFR File, Tab 1 at 7, 13-15.

After considering the appellant's arguments on review and reviewing the record, we agree with the administrative judge that the appellant failed to show that his medical conditions caused a deficiency in his performance. IAF, Tab 19, Initial Decision (ID) at 6-10; *see Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 16, 19 (2012) (setting forth the framework to analyze a disability retirement claim under the Civil Service Retirement System (CSRS)); *see also Jackson v. Office of Personnel Management*, 118 M.S.P.R. 6, ¶¶ 7-8 (2012) (finding that the framework to analyze a disability retirement claim is the

same under CSRS and FERS); 5 C.F.R. § 844.103(a)(2).[2]   Although the administrative judge did not explicitly discuss the treatment notes that the appellant references, IAF, Tab 6 at 132-34, an administrative judge's failure to mention all of the evidence in the record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, neither the treatment notes nor the appellant's testimony clearly explained how the appellant's psychological conditions caused his documented performance deficiencies.  IAF, Tab 6 at 86-92, 132-34; *see Marucci v. Office of Personnel Management*, 89 M.S.P.R. 442, ¶ 8 (2001) (explaining that disability determinations based on mental illness often depend on whether the record contains a reasoned explanation of how the appellant's psychological condition disables the employee from performing specific job duties).

In addition, we are not persuaded by the appellant's assertion that the administrative judge failed to appropriately consider the impact that his physical conditions, such as his neck and back issues, had on his job performance.  PFR File, Tab 1 at 13-14.  As set forth in the initial decision, the record is devoid of any medical documentation indicating that the appellant was ever placed on any work restriction, such as light duty.  ID at 9.  To this end, none of the treatment notes in the record indicate that the appellant was physically unable to perform his job functions. *See Anderson v. Office of Personnel Management*, 96 M.S.P.R. 299, ¶ 16 (2004) (explaining that a doctor's conclusion that an employee is disabled is persuasive only if the physician explains how the medical condition affects the employee's specific work requirements), *aff'd*, 120 F. App'x 320 (Fed.

---

[2] Although the appellant applied for disability retirement under FERS, the initial decision cited a regulatory provision regarding the requirements for disability retirement under CSRS.  ID at 3 (citing 5 C.F.R. § 831.1203(a)(2)).  However, because the relevant regulatory provisions under either system are nearly identical, *compare* 5 C.F.R. § 831.1203(a)(2), *with* 5 C.F.R. § 844.103(a)(2), this misstatement is immaterial to the outcome of this appeal, *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Cir. 2005). Moreover, we agree with the administrative judge that the other evidence in the record, to include the appellant's testimony, also failed to make such a showing. ID at 11. To the extent the appellant contends on review that his pain impacted his job performance, the record suggests that his pain levels may have been manageable with medication but that he rarely took such medication. *E.g.*, IAF, Tab 6 at 139, 171; *see Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 21 (2009) (explaining that, to prove entitlement to disability retirement, an applicant must show that the medical condition at issue cannot be controlled by medication or other reasonable means).

Last, the appellant asserts that his medical conditions caused him to miss work frequently. PFR File, Tab 1 at 7. As set forth in the initial decision, an appellant may establish entitlement to a disability retirement under FERS by showing by preponderant evidence that his medical conditions caused a deficiency in either his attendance or his conduct. ID at 3; *see Henderson*, 117 M.S.P.R. 313, ¶ 16. Because the administrative judge did not render explicit findings in this regard, we hereby supplement the initial decision to find that the appellant failed to show by preponderant evidence that his medical conditions prevented him from being regular in attendance or caused him to act inappropriately. *See Henderson*, 117 M.S.P.R. 313, ¶ 16. To this end, the record is devoid of any attendance records or leave requests, and it provides no clear indication of how much work the appellant missed as a result of his medical issues. IAF, Tab 6 at 70, Tab 18, Hearing Recording (HR) at 17:30-19:00 (testimony of the appellant's coworker, file 1); 1:00:07-1:00:48, 1:19:17-1:19:58 (testimony of the appellant, file 1); 26:02-27:11 (testimony of the appellant's supervisor, file 2). Moreover, both the appellant and the appellant's supervisor explicitly testified that the appellant never had any conduct or behavioral issues. HR at 1:20:14-1:20:29 (testimony of the appellant, file 1); 25:30-25:58 (testimony of the appellant's supervisor, file 2). Thus, the appellant failed to show that his medical conditions caused a deficiency in his performance,

attendance, or conduct, or that they were incompatible with useful and efficient service or retention in his position. *See Henderson*, 117 M.S.P.R. 313, ¶ 16; *see also Jackson*, 118 M.S.P.R. 6, ¶¶ 7-8.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.