NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3269

ANITA L. ALFORD,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Anita L. Alford, of Baltimore, Maryland, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel were Allison Kidd-Miller, Trial Attorney; and Wade M. Plunkett, Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3269

ANITA L. ALFORD,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH844E080616-I-1.

_____

DECIDED:  January 11, 2010

_____

Before GAJARSA, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Anita L. Alford ("Alford") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming the denial of her application for disability retirement benefits under the Civil Service Retirement System ("CSRS").  Alford v. Office of Pers. Mgmt., No. PH844E080616-I-1 (M.S.P.B. June 24, 2008) ("Final Decision").  Because the Board did not substantially depart from any important procedural right, misconstrue governing legislation, or commit any like error going to the heart of the administrative determination, we affirm.

Alford worked as a Claims Assistant for the Social Security Administration from September 13, 1982 to February 15, 2007, when she was removed from her position.  A

major portion of her duties as a Claims Assistant included typing. Shortly before her removal, she filed an application for disability retirement benefits with the Office of Personnel Management ("OPM"). She claimed that she was permanently disabled due to arthritis, depression, anxiety, ulcerative colitis, irritable bowel syndrome, sinus problems, menstrual cramps, chronic bronchitis, dizziness, and a tumor. OPM denied her application on January 14, 2008, finding that her medical conditions were not disabling. She requested reconsideration and submitted a number of additional documents. OPM denied the request for reconsideration on May 22, 2008, addressing each of the documents she submitted and concluding that OPM's initial decision was correct.

She appealed OPM's decision to the Board. After conducting a hearing, the Board issued an initial decision in which it concluded that, although she suffers from various medical conditions, those conditions are not disabling. Alford v. Office of Pers. Mgmt., No. PH844E080616-I-1 (M.S.P.B. Jan. 15, 2009) ("Initial Decision"). She petitioned the full Board to review the Initial Decision. The full Board denied the petition for review because the petition did not establish error affecting her substantive rights. However, the Board reopened the appeal on its own motion because the Initial Decision adjudicated her case under the legal standard of the Federal Employees' Retirement System ("FERS") rather than CSRS. Nevertheless, because the legal standard for establishing a disabling condition is substantively identical under both FERS and CSRS, the full Board affirmed the Initial Decision as modified. Final Decision at 4. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2006).

Our authority to review the Board's decision is limited. "This court is without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations." Brunner v. Office of Pers. Mgmt., 996 F.2d 290, 291 (Fed. Cir. 1993). Instead, "[t]his court's review of disability-based actions is limited to determining whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Id. at 292 (internal quotation marks omitted).

Alford argues that the Board failed to consider "all the facts," and generally references "medical reports from all doctors." Petr.'s Informal Br. ¶ 2. But she has not identified any particular report that she believes the Board failed to consider. The Board specifically reviewed the medical reports of Drs. Bousel, Roby, and Rosen. Initial Decision at 4-7. These appear to be all of the medical reports that were submitted to the OPM.

Alford also challenges the Board's factual determination that her medical conditions were not in fact disabling. We cannot address the Board's factual assessment of the extent of her disability as we are "without authority to review the substantive merits of disability determinations, or the factual underpinnings of such determinations." Brunner, 996 F.2d at 291.

For the foregoing reasons, we affirm the order of the Board.

COSTS

No costs.