**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLARESSA DELISHA HAM,<br>Appellant, | DOCKET NUMBER<br>AT-844E-16-0236-I-2 |
| v. | |
| OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DATE: May 18, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin A. Graham, Esquire, Liberty, Missouri, for the appellant.

Shawna Hopkins, Washington, D.C., for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), finding that the appellant was not entitled to disability retirement benefits. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant occupied a GS-5 Human Resources Assistant position when, on April 15, 2015, she filed an application for disability retirement benefits under the Federal Employees' Retirement System (FERS).[2] *Ham v. Office of Personnel Management*, MSPB Docket No. AT-844E-16-0236-I-1, Initial Appeal File (IAF), Tab 1 at 1, 3, Tab 9 at 22-27. OPM denied the application and the appellant sought reconsideration. IAF, Tab 9 at 8-10, 16-20. OPM denied the reconsideration request and the appellant appealed to the Board. *Id.* at 4-7; IAF, Tab 1.

¶3　　In her appeal to the Board, the appellant indicated that she sought disability retirement primarily on the basis of her medical conditions of sleep apnea,

_____

[2] On May 1, 2015, the appellant resigned from her position as documented by a Standard Form 50 provided in another appeal filed by the appellant. *Ham v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-15-0518-I-1, Initial Appeal File, Tab 12 at 19. The other appeal, in which the appellant contends that her resignation from her employing agency was involuntary, is addressed in a separate Board decision.

narcolepsy, morbid obesity, irritable bowel syndrome, and degeneration of her right ankle and leg. *Ham v. Office of Personnel Management*, MSPB Docket No. AT-844E-16-0236-I-2, Appeal File (I-2 AF), Tab 10 at 2.

¶4    The administrative judge found that the appellant failed to prove that she became disabled due to any of the identified medical conditions. I-2 AF, Tab 13, Initial Decision (ID) at 5-12. She found that the appellant failed to show that the medical conditions from which she suffered caused a deficiency in performance, attendance, or conduct in her position. ID at 5-6. She also found that the appellant failed to show that the medical conditions were incompatible with useful and efficient service or retention in her position. ID at 6-12. She found that one of the appellant's physicians referenced limitations and risks related to her sleep disorders, but did not state that she was disabled. ID at 8. Additionally, she found that, although another of the appellant's physicians concluded that she was no longer able to work in human resources, he failed to explain how the appellant's medical conditions affected any of her specific work requirements, or to specify how her sleep disorders impacted specific duties in the appellant's job description. *Id.*

¶5    The administrative judge considered that yet another of the appellant's physicians stated, regarding the condition of irritable bowel syndrome, that the appellant would be able to perform her duties if she had frequent restroom access, and it is undisputed that her employing agency permitted such. ID at 11. She noted the appellant's testimony that she is unable to do her job due to her medical conditions, but found that her testimony, without corroborating competent medical evidence, was insufficient to support a finding of eligibility for disability retirement benefits. ID at 12.

¶6    The appellant has filed a petition for review contesting the administrative judge's findings. Petition for Review (PFR) File, Tab 1. OPM has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant established good cause for her untimely filed petition for review.</u>

¶7      The initial decision was issued on June 6, 2017, and informed the appellant that a petition for review must be filed by July 11, 2017.  ID at 1, 12.  The appellant, through counsel, filed her petition on July 17, 2017, 6 days late.  PFR File, Tab 1; *see* 5 C.F.R. § 1201.114(e) (stating that a petition for review must be filed within 35 days after the issuance of the initial decision).  On July 18, 2017, the Board received the appellant's request for an extension of time to file her petition for review due to technical issues at counsel's workplace.  PFR File, Tab 2.  In a letter to the appellant's counsel, the Clerk of the Board noted that, although the extension of time request was dated July 11, 2017, it was postmarked July 12, 2017, and because a request for an extension of time must be filed on or before the date on which the petition is due, the request for additional time to file the petition was denied.  PFR File, Tab 3 at 1-2; *see* 5 C.F.R. § 1201.114(f) (stating that a motion for an extension of time must be filed with the Clerk of the Board on or before the date on which the petition is due).  The Board afforded the appellant until August 2, 2017, to file a motion to accept the petition as timely filed or to waive the time limit for good cause shown.  PFR File, Tab 3 at 2.

¶8      The appellant filed a timely response to the Clerk's letter, arguing that the extension of time motion was timely filed on July 11, 2017.  PFR File, Tab 4.  The appellant's counsel submitted a statement sworn under penalty of perjury supported by:  a screen shot from his computer showing that the extension of time motion was drafted on July 11, 2017, at 4:43 p.m.; printouts that purportedly show that he drove to a Post Office near his office at 5:23 p.m. on July 11, 2017, and arrived at the Post Office at 5:28 p.m.; and a picture of the postal box into which he purportedly placed the extension of time request showing that the only pickup time on July 11, 2017, was at 5:45 p.m.  *Id.* at 9, 12-15.

¶9          A document is considered timely filed with the Board if it is placed into the mail stream any time before midnight on the due date.  *Fisher v. Department of Defense*, 59 M.S.P.R. 165, 169 (1993).  A party may establish that her pleading was timely filed by presenting credible, unrebutted evidence in the form of an affidavit or sworn statement that, despite the postmark date, the pleading was actually placed in the Postal Service mail stream before the filing deadline.  *See Raphel v. Department of the Army*, 50 M.S.P.R. 614, 618 (1991).  Here, we find that the evidence submitted by the appellant's counsel establishes that the extension of time request was placed into the mail stream before the midnight filing deadline, and thus was timely filed.

¶10          We further find, under the circumstances of this case, that the appellant has shown good cause for filing her petition for review beyond the deadline.  Her counsel diligently attempted to file a request for an extension of time prior to the deadline date and did not learn that his request had been denied until after he filed a petition for review within the time period that he requested in his extension of time request.  In response to the Clerk of the Board's letter, he timely filed a motion explaining that he timely filed the request for an extension of time.  In sum, we find that the appellant, through counsel, acted with due diligence.  *See Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014) (stating that, to establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case); *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a filing delay when the appellant alleged that he attempted to electronically file his petition for review on time and the e-Appeal system showed that he had, in fact, accessed the system prior to the date that his petition was due, and once he became aware that his petition had not been filed, he contacted the Board and submitted a petition for review that included an explanation of his untimeliness).

**The administrative judge properly affirmed OPM's reconsideration decision.**

¶11      To qualify for disability retirement benefits under FERS, an employee must establish by preponderant evidence that: (1) she has completed at least 18 months of civilian service creditable under FERS; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a service deficiency in performance, conduct, or attendance, or, if there is no such actual service deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date the disability retirement application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she must not have declined a reasonable offer of reassignment to a vacant position. 5 C.F.R. § 844.103(a); *see Angel v. Office of Personnel Management*, 122 M.S.P.R. 424, ¶ 5 (2015). Here, the ultimate question is item (2) above: whether, based on all the relevant evidence, the appellant's medical impairments result in a service deficiency in performance, conduct, or attendance, or preclude her from rendering useful and efficient service in her position. That question must be answered in the affirmative if the totality of the evidence makes that conclusion more likely to be true than not true.[3] *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 20 (2012).

¶12      The appellant's assertion that she had a service deficiency is unavailing. According to the appellant, she established that she had frequent absences from work in the months preceding her resignation. IAF, Tab 9 at 342-43. As the administrative judge noted, the Supervisor's Statement provided to OPM as part of the disability retirement application acknowledged the appellant's absences,

---

[3] There is no dispute that the appellant had 18 months of creditable service, establishing item (1); and because, as explained below, the appellant failed to meet her burden to establish item (2), we need not discuss items (3), (4), and (5). *See Angel*, 122 M.S.P.R. 424, ¶ 5.

but noted that the appellant's attendance was not unacceptable for continuing in her position.[4]  *Id.* at 28.  The Statement also notes no performance or conduct deficiencies.  *Id.*

¶13    The appellant's assertions that she established that her medical conditions of sleep apnea, narcolepsy, chronic right ankle and leg problems, morbid obesity, and irritable bowel syndrome established that she is disabled and entitled to disability retirement benefits constitute mere disagreement with the administrative judge's well-reasoned findings.  The administrative judge carefully considered the medical evidence that the appellant submitted regarding each of these conditions.  She considered documents from the physician treating the appellant's narcolepsy and sleep apnea that addressed the relationship between the appellant's sleep disorders and her work.  ID at 7-8.  The physician stated that neither the appellant's narcolepsy nor her sleep apnea were a disabling disorder, although the combination with the appellant's occasional insomnia increased her risk of an accident.  IAF, Tab 9 at 15.  He stated that allowing the appellant to work from home on the mornings following a night in which she had difficulty sleeping was an "easy remedy," and that was his recommendation.  *Id.*

¶14    The administrative judge also considered the letter from another of the appellant's physicians stating that, due to the appellant's sleep apnea and narcolepsy, she was no longer capable of working in human resources.  ID at 8; I-2 AF, Tab 7 at 10.  A physician's conclusion that an employee is disabled is persuasive only if the physician explains how the medical condition affects the employee's specific work requirements.  *Alford v. Office of Personnel Management*, 111 M.S.P.R. 536, ¶ 11 (2009), *aff'd*, 361 F. App'x 131 (Fed. Cir. 2010).  As the administrative judge found, the physician's statement that the

---

[4] The Supervisor's Statement does indicate that, if the appellant's absences were to continue on a long-term basis, it would be unacceptable.  IAF, Tab 9 at 29.  Because the appellant resigned from her position effective May 1, 2015, her absences from her position did not continue.

appellant could no longer work in human resources failed to explain how the appellant's medical condition affected any of her specific work requirements. ID at 8. Further, the letter is dated October 4, 2016, more than a year after the appellant resigned from her position in 2015, and does not state when she purportedly became disabled to work in human resources. I-2 AF, Tab 7 at 10.

¶15 Additionally, the administrative judge also considered submissions from the physician treating the appellant's ankle and leg problems. ID at 10; IAF, Tab 9 at 34-64. As the administrative judge found, although the appellant suffered some knee and ankle pain, it was treated with anti-inflammatory medications, physical therapy, steroid injections, and soft orthotics. *Id.* The administrative judge also found that the medical documentation makes no mention of any limitations in the appellant's ability to work. *Id.*

¶16 Regarding the appellant's irritable bowel syndrome and morbid obesity, the administrative judge observed that the appellant failed to submit any medical documentation regarding how those conditions rendered her disabled. ID at 10-11. The medical documentation provided by the appellant regarding her irritable bowel syndrome indicates that she would be able to perform her job duties if she had frequent restroom access, I-2 AF, Tab 7 at 24-25, and the administrative judge found that it was undisputed that the appellant had such access, ID at 11.

¶17 The administrative judge also considered the appellant's testimony that she was unable to do her job. ID at 11-12. An employee's subjective evidence of disability is entitled to consideration and weight in a disability retirement case when it is supported by competent medical evidence. *Newkirk v. Office of Personnel Management*, 101 M.S.P.R. 667, ¶ 16 (2006). In this case, the competent medical evidence does not support the appellant's testimony that her medical conditions are disabling. *See Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 13 (2013). In sum, we have considered the appellant's arguments, and we find that she has not set forth a basis to disturb the

administrative judge's well-reasoned findings that the appellant failed to prove that she is entitled to disability retirement benefits under FERS. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat.  1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                     _____
                                     Jennifer Everling
                                     Acting Clerk of the Board
Washington, D.C.