**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MATTHEW D. MONTEZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-844E-19-0432-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: September 19, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven E. Brown, Esquire, Westlake Village, California, for the appellant.

Albert Pete Alston, Jr., Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) that denied his application for disability retirement benefits under the Federal Employees' Retirement System (FERS). For the reasons set forth below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the petition for review and REVERSE the initial decision. OPM's final decision is NOT SUSTAINED.

## BACKGROUND

The appellant was employed as a GS-7 Production Controller with the 531st Commodities Maintenance Squadron with the Department of the Air Force. Initial Appeal File (IAF), Tab 9 at 20. He was responsible for ordering parts to support various weapons systems throughout the agency, maintaining spreadsheets to track those orders, providing the shop with the status of part orders, and routing orders to the shop when they were received. IAF, Tab 9 at 101-02, Tab 17, Hearing Recording (HR) (testimony of the appellant's supervisor).

On September 19, 2016, the appellant resigned from his position. IAF, Tab 9 at 20. Nearly one year later, on September 11, 2017, he submitted an application for disability retirement benefits under FERS based on major depressive disorder (MDD). *Id*. at 46-50, 52-53. In an initial decision, OPM denied the appellant's application for disability retirement benefits. *Id*. at 35-39. After the appellant requested reconsideration, *id*. at 28-29, OPM issued an August 6, 2019 final decision sustaining its initial decision, *id*. at 21-24. OPM determined that the evidence failed to establish that his medical condition was disabling prior to his resignation from his position, that his medical condition was the cause of his service deficiencies, that his employing agency was unable to make reasonable accommodation for his medical condition, and that reasonable accommodation or reassignment was necessary for his medical condition. *Id*. at 22-23. Thus, OPM concluded that he failed to meet the criteria requisite for disability retirement under FERS. *Id*.

The appellant appealed to the Board challenging OPM's final decision. IAF, Tab 1. After holding a hearing, the administrative judge affirmed OPM's decision. IAF, Tab 21, Initial Decision (ID). The administrative judge found that

the appellant did not show that, while employed in a position subject to FERS, he was disabled because of MDD, resulting in a deficiency in performance, conduct, or attendance, or that his medical condition was incompatible with either useful and efficient service or retention in his position. ID at 12. Further, he found that the appellant did not show that accommodation of his disabling condition in the position held was unreasonable. *Id*. Therefore, he concluded that the appellant did not establish that he was entitled to disability retirement benefits under FERS. ID at 17.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He asserts that the administrative judge failed to sufficiently credit the opinions of the appellant's treating Department of Veterans Affairs (DVA) medical providers and "misinterpreted the medical evidence which established that the appellant was unable to perform the essential functions of his official position." *Id*. at 6-8, 15. He also asserts that the administrative judge erred in finding that his inability to work was only "situational" and in requiring him to prove that he could not be reassigned or accommodated. *Id*. at 8-9, 11-15. Finally, he alleges that DVA and Social Security Administration (SSA) determinations show that he is entitled to disability retirement benefits.[2] PFR File, Tab 1 at 10, Tab 4 at 9. The agency has responded in opposition, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

---

[2] The appellant asserts that the DVA determination, which stated that he was entitled to disability benefits based on a 70% rating for major depressive disorder, supports his claim for FERS benefits. PFR File, Tab 4 at 9; IAF, Tab 9 at 66-68. However, DVA disability ratings are based on different criteria than those applicable to assessing FERS disability retirement claims, and they are not binding on the Board in disability retirement matters. *See Hunt v. Office of Personnel Management*, 105 M.S.P.R. 264, ¶ 37 (2007). The SSA determination is relevant, but not dispositive, in a FERS disability retirement appeal when, as here, the conditions underlying both applications are the same. PFR File, Tab 1 at 10; IAF, Tab 9 at 62-65; *see Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 6 (2009). Here, the SSA determined that the appellant was not entitled to disability benefits. IAF, Tab 9 at 62. Based on the foregoing, we find that the DVA and SSA determinations do not provide a basis for disturbing the outcome in the instant appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

In an appeal from an OPM decision denying a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for disability retirement benefits under FERS, an individual must meet the following requirements: (1) he must have completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, he must have become disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition must be expected to continue for at least 1 year from the date the disability retirement benefits application is filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) he must not have declined a reasonable offer of reassignment to a vacant position. *Christopherson*, 119 M.S.P.R. 635, ¶ 6; *see* 5 U.S.C. § 8451(a). For the following reasons, we find that the appellant has proven all of these criteria.

<u>The appellant completed at least 18 months of creditable civilian service.</u>

The administrative judge did not explicitly address the first element of the appellant's case. However, the record shows that, at the time of his resignation, the appellant had FERS-creditable service well in excess of 18 months. IAF, Tab 9 at 85-90. This issue is undisputed.

<u>The appellant's condition is incompatible with useful and efficient service or retention in his position.</u>

An appellant may meet the statutory requirement that he "be unable, because of disease or injury, to render useful and efficient service in the employee's position" through the following: (1) showing that the medical condition caused a deficiency in performance, attendance, or conduct; or

(2) showing that the medical condition is incompatible with useful and efficient service or retention in the position. *Christopherson*, 119 M.S.P.R. 635, ¶ 6. Under the first method, an employee can establish entitlement by showing that his medical condition affected his ability to perform specific work requirements, prevented him from being regular in attendance, or caused him to act inappropriately. *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 16 (2012). Alternatively, the employee can show that his medical condition is inconsistent with working in general, in a particular line of work, or in a particular type of work setting. *Id*. The ultimate question, based on all relevant evidence, is the following: do the employee's medical impairments preclude him from rendering useful and efficient service in his position? *Id.*, ¶ 20. This question must be answered in the affirmative if the totality of the evidence makes that conclusion more likely to be true than not true. *Id*.

Regarding the first method for establishing an inability to render useful and efficient service, the administrative judge found that, although the medical records in this case established that the appellant suffered from depression to some degree while employed by the Air Force, the appellant did not show that his condition resulted in a deficiency in performance, conduct, or attendance. ID at 12. The appellant does not challenge this well-reasoned finding on review, and we discern no basis for disturbing it. Rather, the appellant challenges the administrative judge's findings regarding the second method for establishing an inability to render useful and efficient service. Specifically, he asserts that the administrative judge failed to attribute proper weight to the medical evidence in support of his disability retirement application because it was based on his own description of his conditions or was dated after the end of his Federal employment. PFR File, Tab 1 at 6-8.

To establish entitlement to disability retirement benefits, an appellant must have become disabled while employed in a position subject to FERS and not after his separation from service. *Hardy v. Office of Personnel Management*,

98 M.S.P.R. 323, ¶ 11 (2005). However, medical documentation prepared post-separation may be considered if that documentation addresses the appellant's condition at the time of his separation. *Reilly v. Office of Personnel Management*, 571 F.3d 1372, 1380-82 (Fed. Cir. 2009). "Where proximity in time, lay testimony, or some other evidence provides the requisite link to the relevant period the subsequent medical evidence can be very probative of a prior disability." *Id.* at 1382.

Here, the relevant medical documentation was all prepared post-separation. In an August 23, 2017 letter, a psychologist, R.S., stated that the appellant had been treated for anxiety and depression at the Salt Lake City Veterans Affairs Medical Center since June 2013, and that, in September 2016, he reported that he resigned due to work-related stress. IAF, Tab 9 at 195. R.S. stated that, at the time of the appellant's resignation in September 2016, he was being treated with psychotherapy. *Id.* In an August 31, 2017 letter, a nurse practitioner, J.L., stated that the appellant was transferred to her care in April 2017, and, after observing that he continued to experience anxiety and depression even after psychotherapy and medications, she opined that he "would benefit from life long mental health treatment" and is "not employable." *Id.* at 194. In a January 4, 2019 evaluation,[3] another psychologist, S.B., stated that, at the time the appellant resigned, "his depression and anxiety rendered him incapable of performing any of his work duties." *Id.* at 120; HR (testimony of S.B.).

We find that the administrative judge gave these medical opinions proper weight. The administrative judge found, and we agree, that J.L.'s letter was not persuasive because she described the appellant's mental condition nearly a year after his resignation; she did not begin treating him until well after he resigned; and he had only been under her care for 4 months at the time she wrote it. ID at 13; IAF, Tab 9 at 194; *see Anderson v. Office of Personnel Management*,

---

[3] While the evaluation was dated January 2019, the date of assessment was December 22, 2018. IAF, Tab 9 at 120.

96 M.S.P.R. 299, ¶ 14 (2004) (finding that the probative value of the appellant's medical evidence was diminished by the fact that her physicians had been treating her for a relatively short period of time and did not begin treating her until well after the time when she alleged her disability began), *aff'd*, 120 F. App'x 320 (Fed. Cir. 2005).  Moreover, with the exception of S.B., the appellant's medical providers did not explain how his condition affected his work requirements.  IAF, Tab 9 at 120-21; *see Alford v. Office of Personnel Management*, 111 M.S.P.R. 536, ¶ 11 (2009) (stating that a physician's conclusion that an employee is disabled is persuasive only if he explains how the medical condition affects the employee's specific work requirements), *aff'd*, 361 F. App'x 131 (Fed. Cir. 2010).

The administrative judge noted that medical evaluations relying exclusively on an appellant's own description of his psychological symptoms are relevant evidence for purposes of determining disability retirement eligibility.  ID at 14.  However, the administrative judge questioned the reliability of the appellant's self-reported symptoms because his medical records concerning his mental health prior to his resignation were sparse and, while they supported the existence of depression, they were not consistent with the severe nature of the depression expressed to S.B.  ID at 15.  Nonetheless, the administrative judge accorded some weight to S.B.'s evaluation, considered the appellant's testimony that his depression interfered with his ability to perform the duties of his position, and concluded that the appellant's subjective complaints of disability were supported by the competent medical evidence of record.[4]  ID at 15-16; HR (testimony of the appellant); *see Christopherson*, 119 M.S.P.R. 635, ¶ 13 (stating that an employee's subjective evidence of disability is entitled to consideration and

---

[4] The appellant argues that the administrative judge's finding that his subjective complaints of disability were supported by the medical evidence contradicts his prior finding that his self-reported symptoms are not to be believed.  PFR File, Tab 1 at 8, Tab 4 at 8-9.  Contrary to the appellant's allegations, the administrative judge carefully weighed the relevant evidence, and we do not discern inconsistencies in his findings.

weight in a disability retirement case when it is supported by competent medical evidence). We discern no reason to disturb these findings.

The administrative judge also found that the appellant did not show that his MDD was incompatible with either useful and efficient service or retention in his position based on the fact that his problems at the time he resigned were situational, that is, apparent only in his work environment, as a result of his perception of harassment. ID at 16. The appellant disputes this finding and asserts that the fact that his depression continued after he left his Federal job is evidence that it was not situational. PFR File, Tab 1 at 11. In support of his assertion, he cites the Board's analysis in *Yoshimoto v. Office of Personnel Management*, 109 M.S.P.R. 86, ¶¶ 17-19 (2008), and argues that S.B.'s evaluation demonstrates that his depression affected him at work and outside of work. *Id*. at 11-14.

The Board has repeatedly held that job-related stress that results in mental impairments that prevent an employee from performing the duties necessary in his job can warrant the granting of disability retirement. *Kimble v. Office of Personnel Management*, 102 M.S.P.R. 604, ¶ 14 (2006). The relevant and dispositive issue is whether the medical condition prevented the employee from rendering useful and efficient service in his position. *Yoshimoto*, 109 M.S.P.R. 86, ¶¶ 17-19. Here, the record reflects that the appellant's work-related stress exacerbated his depression and anxiety, impeding his ability to render useful and efficient service in his position. ID at 16-17; IAF, Tab 9 at 120, 195. For example, S.B. opined that the appellant's work stress worsened the appellant's depression and anxiety and that, due to his medical condition, the appellant was "incapable of performing any of his work duties." IAF, Tab 9 at 120-21.

There is also evidence that the appellant's symptoms were apparent outside of his work environment. Specifically, in his evaluation, S.B. discussed the appellant's long-standing history of depression and anxiety prior to the appellant's resignation. IAF, Tab 9 at 117-19; *see Kimble*, 102 M.S.P.R. 604,

¶ 13 (finding that the appellant was entitled to disability retirement benefits when, among other things, the medical evidence established that her depression and anxiety were long-standing and impacted areas of her life outside of her Federal employment). Moreover, in determining whether the appellant's condition was confined to a single work environment, subsequent work history is relevant. *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 16 (2009). The appellant testified that, from January to March 2017, he worked as a Materials Handler[5] at a temporary employment service agency that contracted with a pharmaceutical company. HR (testimony of the appellant); IAF, Tab 14 at 58. He noted that, in that position, he suffered conflicts with people, which he attributed to his depression and anxiety. *Id*. He confirmed that he was terminated from that position and did not obtain any subsequent employment. *Id*.

Therefore, notwithstanding the absence of any documented deficiency in performance, conduct, or attendance, we find that the appellant's MDD was incompatible with useful and efficient service or retention in his position, and became so during the course of his employment.

The appellant's disabling condition continued for at least 1 year after his application for disability retirement.

Because he found that the appellant did not suffer from a disabling condition, the administrative judge did not reach the issue of whether his disabling condition was expected to persist for more than 1 year after the date of his disability retirement application. As described above, much of the medical evidence in this appeal postdates the disability retirement application. In particular, nurse practitioner J.L. and clinical psychologist S.B. both opined, on August 31, 2017, and January 4, 2019, respectively, that the appellant's MDD continued to render him essentially unemployable. IAF, Tab 9 at 115-21, 194.

---

[5] As a Materials Handler, the appellant was responsible for "basic warehousing." HR (testimony of the appellant). He handled the receipt, storage, distribution, and disposal of pharmaceutical products, as well as the inputting of that information into the computer systems. *Id*.

We therefore find that the appellant's disabling condition persisted for more than 1 year after his September 11, 2017 disability retirement application, and that he has proven this element of his case.

Accommodation of the appellant's condition was not reasonable.

Under FERS, an individual is not eligible for disability retirement benefits if there is a reasonable accommodation for the disabling condition in the position held. *See Confer*, 111 M.S.P.R. 419, ¶ 29. An accommodation is defined as "a reasonable adjustment made to an employee's job or work environment that enables the employee to perform the duties of the position." 5 C.F.R. § 844.102. An "accommodation may include modifying the worksite; adjusting the work schedule; restructuring the job; obtaining or modifying equipment or devices; providing interpreters, readers, or personal assistants; and retraining the employee." *Id*.

The administrative judge found that the appellant did not show that accommodation of his disabling medical condition in the position he held was unreasonable or that he could not be reassigned to another Production Controller position as a reasonable accommodation. ID at 12, 17. The appellant challenges this finding on review, asserting that it was error to require a FERS disability retirement applicant to prove that he could not be reassigned or accommodated. PFR File, Tab 1 at 9, 14. In support of his argument, the appellant cites *Hilal v. Office of Personnel Management*, MSPB Docket No. AT-844E-20-0070-I-1, Initial Decision (May 14, 2020).[6] *Id*. at 14. He disagrees with OPM's statement that he "failed to complete the accommodation process," PFR File, Tab 3 at 16, and he maintains that the agency "effectively denied" him an accommodation because he was cleared for duty without medical restrictions, PFR File, Tab 4 at 5.

---

[6] The Board is not bound by initial decisions, and they have no precedential effect. *See Special Counsel v. Greiner*, 117 M.S.P.R. 117, ¶ 11 n.5 (2011).

Here, as noted by the administrative judge, the record does not contain a Certification of Reassignment and Accommodation Efforts, Standard Form 3112D, from the Air Force. ID at 16. However, the record reflects that the appellant requested reassignment on September 12, 2016, and that the agency informed him on September 13, 2016, that he would need to be evaluated by Occupational Medical Services (OMS) for work restrictions so that a reasonable accommodation could be made. IAF, Tab 9 at 82, 95; HR (testimony of the appellant). The appellant was evaluated by OMS on September 14-15, 2016, and OMS cleared him for duty without medical restrictions. IAF, Tab 9 at 196-97. On September 19, 2016, the appellant resigned from his position. *Id*. at 20.

For disability retirement purposes, the relevant question is whether the agency is unable to reasonably accommodate the appellant, not whether it has refused to accommodate him. *Dec v. Office of Personnel Management*, 47 M.S.P.R. 72, 79 (1991). Moreover, the burden of proof is on the appellant to show that he could not be reasonably accommodated in the position held. *Confer*, 111 M.S.P.R. 419, ¶ 29. In determining whether the appellant has met his burden, the Board will, among other things, consider the relevant medical evidence and compare it to the job requirements. *See*, *e.g.*, *Thomas v. Office of Personnel Management*, 54 M.S.P.R. 686, 691 (1992) (finding accommodation unreasonable by looking to the medical evidence and comparing it to the job requirements).

In assessing this element of the appellant's case, we are mindful that he is essentially required to prove a negative. Evidence that a reasonable accommodation was unavailable is commonly satisfied through the employing agency's Certification of Accommodation and Reassignment Efforts. *See, e.g.*, *Chavez v. Office of Personnel Management*, 111 M.S.P.R. 69, ¶¶ 14-15 (2009); *Thieman v. Office of Personnel Management*, 78 M.S.P.R. 113, 121 (1998). In the absence of a concession from the Government that reasonable accommodation was not possible, the Board will need to look to other evidence and draw appropriate inferences. We are also mindful of the burden of proof applicable to

the appellant's claim—he is required to prove by preponderant evidence, i.e., more likely than not, that the agency would have been unable to accommodate his condition. *See* 5 C.F.R. §§ 1201.4(q), .56(b)(2)(ii). He is not required to prove the issue definitively.

Considering the record evidence, we find that, more likely than not, the agency would have been unable to accommodate the appellant in his Production Controller position, even if it had tried. Although the agency did not attempt to accommodate the appellant's condition, this was because its OMS examining physician opined that the appellant was capable of just performing fulltime duty in his current position and rendering useful and efficient service without any accommodations at all. IAF, Tab 9 at 196-97. However, the record contains no explanation of how the OMS physician made his determination and, as explained above, the determination was incorrect. The administrative judge found that the agency could likely have accommodated the appellant by reassigning him to a Production Controller position outside of the 531st Commodities Maintenance Squadron. ID at 17. He noted that the appellant requested reassignment because of stress related to his coworkers and concluded that his disability was "situational," i.e., related to the particular individuals with whom he was working. He found that the appellant could probably have worked as a Production Controller in another location. ID at 16-17; IAF, Tab 9 at 95, 195. However, the balance of the evidence shows that the appellant's disability prevented him from working in general—not just working with particular people. As noted above, both S.B. and J.L. stated unequivocally that the appellant was disabled from working in any position. IAF, Tab 9 at 120-21, 194; *see Kimble*, 102 M.S.P.R. 604, ¶¶ 6, 12-16 (finding that the appellant's disabling depression and anxiety were not situational because the medical evidence showed that these conditions prevented her from working in any position). The appellant's failed attempt to resume employment in early 2017 lends credence to these medical opinions. The evidence shows that the appellant's psychological conditions

prevented him from working productively in a different position, with different coworkers, and for a different employer. IAF, Tab 14 at 58; HR (testimony of the appellant).

We have considered whether there might have been other accommodations, such as allowing for additional leave, that could have enabled the appellant to resume useful and efficient service as a Production Controller. However, the evidence shows that the time that the appellant spent away from work between 2016 to 2019, receiving regular mental health treatment the entire time, did not enable him to recover to the point that he could have returned to work. IAF, Tab 9 at 115-21, 194. Considering the nature of the appellant's condition and its deleterious effect on his ability to work in general, and work with others in particular, we find it more likely than not that the agency could not have provided him an effective accommodation.

## The appellant did not decline a reasonable offer of reassignment.

There is no evidence that the agency ever offered the appellant a reassignment, reasonable or otherwise. In fact, the record shows that the appellant requested to try a reassignment, and that the agency denied his request. IAF, Tab 9 at 95, 196-97. We therefore find that the appellant did not decline a reasonable offer of reassignment to a vacant position.

Because the appellant has proven all the elements of his case, he is entitled to the disability retirement benefits he seeks.

## ORDER

We ORDER OPM to grant the appellant's application for disability retirement. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary

information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.